UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P133-R

**MICHAEL BAYLOR**                                                                  **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF CORRECTIONS** *et al.*            **DEFENDANTS**

**MEMORANDUM OPINION**

      Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action.

      Plaintiff, Michael Baylor, is currently confined at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. He is serving three life sentences as well as a separate 35-year sentence. He brings this civil rights action against the Kentucky Department of Corrections and the Maryland Department of Public Safety Correctional Service. According to Plaintiff on March 15, 2007, because of a lack of housing and overcrowding, he was transported from Maryland to Kentucky for imprisonment "under KRS 196.610 of the Interstate Corrections Compact." Plaintiff alleges that once at KSP he was placed on administrative control status. Plaintiff claims that Defendants violated his Fourteenth Amendment right to due process by failing to provide him with proper notice of the classification hearing and an opportunity to dispute the classification. He also claims that his placement violates his Eighth Amendment right to be free from cruel and unusual punishment as well as his First and Fifth Amendment rights. He is seeking an injunction requiring his release from administrative control status and

requiring officials to abide by written policies outlining the procedures to be followed before an inmate is placed on administrative control status.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore*, 114 F.3d at 604.

Plaintiff has named only the Kentucky Department of Corrections and the Maryland Department of Public Safety Correctional Service as defendants in this action.  This is fatal to his complaint because both Defendants are immune from suit under the Eleventh Amendment.  Under the Eleventh Amendment, states and state agencies are immune from suit in federal court, even if the only relief sought is prospective injunctive relief.[1]  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (recognizing that suits against states and state agencies "are barred regardless of the relief sought").  Both the Kentucky Department of Corrections and the Maryland Department of Public Safety Correctional Service are state agencies.  *See, e.g., Smith v. Dep't of Corr.*, No. 5:06-CV-P72-R, 2007 U.S. Dist. LEXIS 62852 (W.D. Ky. Aug. 24, 2007); *Booth v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. RDB 05-1972, 2006 U.S. Dist. LEXIS 49313 (D. Md. July 7, 2006).  While a state may lose its immunity by congressional abrogation or by waiver, Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S.

---

[1] While a plaintiff may sue a state official in his/her official capacity for prospective injunctive relief, *see Green v. Mansour*, 474 U.S. 64 (1985), Plaintiff has not named any state officials in the present suit.

58, 66 (1989).  Thus, both Defendants sued by Plaintiff are absolutely immune from § 1983 liability.  Accordingly, the Court must dismiss Plaintiff's complaint against them for failure to state a claim upon which relief may be granted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4413.008